UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

| | |
|---|---|
| VINCENT MICHAEL PEREZ,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 1:25-CV-01006-CBK<br><br>**MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE AND ORDER DENYING A CERTIFICATE OF APPEALABILITY** |

Petitioner was convicted of receipt and distribution of child pornography and of transportation of child pornography, 1:20-cr-10025-CBK. He was sentenced to concurrent sentences of 262 months imprisonment on March 15, 2022. He appealed his conviction and sentence to the United States Court of Appeals for the Eighth Circuit. The Eighth Circuit affirmed the convictions but vacated the sentences, finding that the application of the 5-level repeat and dangerous offender enhancement under U.S.S.G. § 4B1.5(b)(1) was in error because defendant's child pornography offenses were not covered sex crimes. United States v. Perez, 61 F.4th 623 (8th Cir. 2023).

Petitioner was resentenced on June 5, 2023, to 188 months on each count, with 28 months of the sentence as to Count 2 to run consecutively, resulting in a total sentence of 216 months. Petitioner appealed his amended sentence and on May 28, 2024, the Eighth Circuit affirmed in a *per curiam* opinion. United States v. Perez, 2024 WL 2722820 (8th Cir. 2024).

Petitioner has filed a motion to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. § 2255, contending that he received ineffective assistance of counsel at sentencing. I have conducted an initial consideration of the motion, as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

## DECISION

The Sixth Amendment guarantees the right of the accused in criminal prosecutions to "the Assistance of Counsel for his defence." U.S. Const. amend. VI. "[T]he right to counsel is the right to effective assistance of counsel." Kimmelman v. Morrison, 477 U.S. 365, 377, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986). Effective assistance is representation that "play[s] the role necessary to ensure that the trial is fair." Strickland v. Washington, 466 U.S. at 685, 104 S.Ct. 2052. "The Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight." Yarborough v. Gentry, 540 U.S. 1, 8, 124 S. Ct. 1, 6, 157 L. Ed. 2d 1 (2003).

Generally, to support a claim of ineffective assistance of counsel, a two-prong test must be met. Petitioner must first show "that counsel's representation fell below an objective standard of reasonableness." Wilcox v. Hopkins, 249 F.3d 720, 722 (8th Cir. 2001) (quoting Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). "The court applies an objective standard by viewing the facts as they existed at the time of counsel's conduct and evaluat[es] . . . whether counsel functioned to assure adversarial testing of the state's case." Strickland, 466 U.S. 690, 104 S.Ct. 2052. A "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. at 689.

Petitioner "must also prove prejudice by demonstrating that absent counsel's errors there is a reasonable probability that the result of the proceeding would have been different." Delgado v. United States, 162 F.3d 981, 982 (8th Cir. 1998), (citing Strickland v. Washington, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068, 80 L. Ed. 2d (1984)). A court, however, "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant . . . . The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Strickland, 466 U.S. 668, 697, 104 S. Ct.

2052. In effect, petitioner "faces a heavy burden to establish ineffective assistance of counsel pursuant to Section 2255." DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000) (quoting United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996)).

Petitioner contends that counsel was constitutionally ineffective for: (1) not arguing at trial that the alleged images did not meet the statutory definition of child pornography, and that counsel did not move for an acquittal on the same grounds; (2) not making an opening statement, arguments and not defending movant at trial; and (3) failure to investigate. Having reviewed the file, record, and proceedings, I conclude that petitioner's claims are meritless. The below discussion sets forth the Court's reasoning.

### I. Assistance at Trial.

Petitioner contends that counsel was ineffective "for not arguing at trial that the alleged images did not meet the federal definition of child pornography, and that [counsel] did not move for an acquittal on the same grounds." To support his claim that counsel was ineffective, petitioner asserts that the images were not lascivious because they did not depict "the anus, genitals or pubic area of the subject[s]" and that "the images published to the jury and made available to Movant's counsel to defend against were at best, mere nudity – which is not prohibited by federal law." Petitioner concludes his assertion by stating that "[b]ecause the government never showed images that met the definition of sexually explicit conduct as defined by 18 U.S.C. Section 2256(2), to the jury, no reasonable jury could have found the defendant guilty."

Petitioner's claim of ineffective assistance of counsel at trial is inscrutable. The jurors heard arguments and evidence from both parties, deliberated on the jury instructions, which included the statutory definition of child pornography, and reached a guilty verdict. Moreover, if the government never showed that the images met the definition of sexually explicit conduct, as petitioner alleges, then counsel may not have had any basis to argue at trial that the alleged images did not meet the federal definition of child pornography. Petitioner's appeal is reminiscent of United States v. Fontenot, which recently came before this Court. Both appeals were inartful, came from the same prison and shared what seems to be similar handwriting. I, however, construe petitioner's

inartful claim liberally to be both an insufficiency of evidence and ineffective assistance of counsel claim.

To the extent that petitioner is challenging the sufficiency of the evidence to convict him, petitioner has no such cause of action under § 2255. "Under § 2255 only constitutional or jurisdictional defects may be challenged. Section 2255 does not exist to correct erroneous factual determinations or to challenge the sufficiency of the evidence or to correct errors which should have been brought to the attention of the trial court or the appellate court on direct appeal." Cassidy v. United States, 428 F.2d 585, 587 (8th Cir. 1970) (citing Sunal v. Large, 332 U.S. 174, 179, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947) ("It is plain, however, that the writ is not designed for collateral review of errors of law committed by the trial court—the existence of any evidence to support the conviction, irregularities in the grand jury procedure, departure from a statutory grant of time in which to prepare for trial, and other errors in trial procedure which do not cross the jurisdictional line.")). Even if § 2255 provided petitioner with a cause of action, which it clearly does not, the jury's guilty verdict is supported by overwhelming evidence.

To the extent that petitioner's allegation is truly about the ineffective assistance of counsel at trial, child pornography means, "'any visual depiction . . . of a minor engaging in sexually explicit conduct." United States v. Mayokok, 854 F.3d 987, 992 (8th Cir. 2017) (quoting 18 U.S.C. 2256 (8)(A). In relevant part, "sexually explicit conduct" is defined as "actual or simulated (iv) sadistic or masochistic abuse; or (v) lascivious exhibition of the genitals or pubic area of any person." 18 U.S.C. 2256 (2)(A)(i).

A selected sample of the evidence presented at trial amply shows that Exhibit 30, items 3, 21, 49 and 66, were child pornography images and were more than sufficient for the jury to reach a guilty verdict. Petitioner's claim that none of the images amounted to child pornography is frivolous based on the overwhelming number of images in Exhibit 30 that satisfy a finding of child pornography. Items 4, 6, 13 and 56, clearly depict prepubescent and pubescent females posed with legs spread apart and the camera focused on their breasts and vaginal area, which amount to lascivious exhibition of the genitals. Item 100, on the other hand, depicts what seems to be a pubescent female standing over

4

and urinating in the mouth of a naked adult male laying down and amounts to sadistic or masochistic abuse. Consequently, the images presented at trial and the overwhelming amount of evidence in the record are undeniably child pornography and justify the jury's guilty verdicts.

In addition, while Comment to Rule 1.3 of the American Bar Association's Model Rules of Professional Conduct charges attorneys to provide zealous advocacy,[1] no amount of zeal and dedication to the client's interest, where there is overwhelmingly evidence of guilt, as the jury found, may wash away the full wrath of our justice system. Moreover, Rule 3.1 of the Model Rules prohibits "counsel from defending a proceeding or asserting an issue unless there is a basis in law and fact for doing so that is not frivolous."[2] In the face of overwhelmingly evidence of guilt, as the jury found, any such argument by counsel that the images did not amount to child pornography would have had no basis in law or fact, and may have amounted to a frivolous defense. In sum, this Court finds that petitioner has failed to prove and cannot prove the first prong—that counsel's representation fell below an objective standard of reasonableness. Therefore, petitioner has not proved and cannot prove that counsel was ineffective.

**II. Failure to Make an Opening Statement.**

Petitioner contends that counsel was ineffective in failing to make an opening statement. Petitioner argues that counsel reserved her opening statement at the beginning of trial but later waived the opening statement. Petitioner further argues that had counsel made an opening statement denying ownership, control and use of petitioner's alleged MeWe account, "the jury would have been able to evaluate the evidence . . . and would have found him innocent [sic]."

"A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "'might be

---

[1]  Model Rules of Pro. Conduct r. 1.3 cmt. (Am. Bar Ass'n 1983).
[2]  Model Rules of Pro. Conduct r. 3.1 (Am. Bar Ass'n 1983).

5

considered sound trial strategy.'" Id, (quoting Michel v. State of La., 350 U.S. 91, 101, 76 S. Ct. 158, 164, 100 L. Ed. 83 (1955)).

Given the strong presumption of attorney competence, failing to give an opening statement does not render counsel ineffective. United States v. Evans, 272 F.3d 1069, 1093 (8th Cir. 2001). The United States Court of Appeals for the Sixth Circuit has held that "the decision to forgo an opening statement entirely is ordinarily a mere matter of trial tactics and will not constitute a claim of ineffective assistance of counsel." Jackson v. Houk, 687 F.3d 723, 741 (6th Cir. 2012) (cleaned up) (quoting Millender v. Adams, 376 F.3d 520, 525 (6th Cir.2004)). See also, United States v. Salovitz, 701 F.2d 17, 20 (2d Cir. 1983) ("It is common knowledge that defense counsel quite often waive openings as a simple matter of trial strategy . . . [s]uch a waiver has been held to be 'trivial.'" (internal citations omitted)); United States v. Mealy, 851 F.2d 890, 909 (7th Cir. 1988) ("the mere fact that counsel did not make an opening statement is not sufficient for a defendant to prevail on a claim of ineffective assistance. Whether to make an opening statement to the jury is at the discretion of trial counsel."); United States v. Rodriguez-Ramirez, 777 F.2d 454, 458 (9th Cir. 1985) ("the decision whether to make one at all, is ordinarily a mere matter of trial tactics and in such cases will not constitute the incompetence basis for a claim of ineffective assistance of counsel."); United States v. Haddock, 12 F.3d 950, 955 (10th Cir. 1993) ("The failure to present an opening statement itself is not ineffective assistance.").

Further, failure to make an opening statement is not presumptively prejudicial, especially where counsel cross-examined the government's witnesses and made a closing argument. Fink v. Lockhart, 823 F.2d 204, 206 (8th Cir. 1987). See also, United States v. Nelson, 71 F.3d 879, *7 (5th Cir. 1995) (petitioner failed to suggest what the attorney should have said or why he was prejudiced by the attorney's failure to avail himself of that opportunity"); Smorynski v. United States, No. 16-2042, 2017 WL 4014974, at *4 (6th Cir. May 4, 2017) (petitioner presented no showing of prejudice where counsel need not have presented an opening statement at all).

Although counsel waived her opening statement, counsel nevertheless provided adversarial testing of the Government's case. First, counsel stated she was waiving her opening statement because "the way that evidence came in, that makes sense," and that she would make a closing argument, "which would be about the same thing anyway." Second, counsel motioned for judgment of acquittal after the Government rested from presenting evidence, and later renewed the motion for judgment of acquittal, both of which I denied. Third, counsel objected to statements made in the Government's closing argument. Lastly, counsel's closing argument showed zealous advocacy within the proper bounds set by the ABA's Rules of Professional Conduct, despite the overwhelming evidence, which led to the jury's guilty verdicts. Therefore, petitioner's claim that counsel was ineffective by failing to give an opening statement is meritless.

### III. Failure to Investigate.

Petitioner contends that counsel failed to review the evidence or provide him with the government's discovery so he could have reviewed the evidence. The Eighth Circuit has "stated that failing to interview witnesses or discover mitigating evidence may be a basis for finding counsel ineffective within the meaning of the Sixth Amendment right to counsel." Kramer v. Kemna, 21 F.3d 305, 309 (8th Cir. 1994). Petitioner "must make a substantial showing that, but for counsel's failure to interview or subpoena the witnesses in question, there is a reasonable probability that the result of his trial would have been different." Id. Further, counsel has "a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Chambers v. Armontrout, 907 F.2d 825, 828 (8th Cir. 1990) (quoting Strickland v. Washington, 466 U.S. at 691, 104 S.Ct. at 2066).

To support his claim, petitioner asserts that, "[s]ome of the photos of Movant that the government used to prove that the MeWe account was his were images that only Movant's ex-girlfriend ever had" and that, "[n]obody else, including Movant ever possessed those photos other than her [sic]." Petitioner further asserts that, "[h]ad counsel shown those photos to Movant, he would have told her that and informed her of individuals [who] would have [corroborated] that fact, and she would have been able to

7

present that evidence at trial." Petitioner then concludes that such "images were only in his girlfriend's possession [and] would have helped the jury acquit him."

The United States Attorney's office has an open file policy in the District of South Dakota. Counsel filed a request for discovery and there is nothing in the file or the petition to indicate that the government did not comply with the request. Petitioner's allegation that counsel was ineffective in failing to investigate the source of the images used to identify him or interview his ex-girlfriend, failed to show there is reasonable probability that the results of his trial would have been different.

The evidence presented at trial identified and linked petitioner as the owner of the various instruments that petitioner used to receive and distribute child pornography. The instruments included: petitioner's Gmail account linked to an account recovery telephone number owned by petitioner; a MeWe social media account created with petitioner's Gmail account; and the use of the MeWe account on an Internet Protocol address owned by the petitioner, to receive and distribute child pornography. Based on the overwhelming nature of the evidence presented at trial and the petitioner's lack of exculpatory evidence, any such investigation would have been unproductive and unnecessary. Petitioner has failed to make a substantial showing and cannot show that there is reasonable probability that the results of the trial would have been different had counsel interviewed his ex-girl or investigated the sources of the images.

## ORDER

I have determined, upon initial consideration, that it plainly appears from the face of the motion and the prior proceedings in the criminal case that petitioner is not entitled to relief and that his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 should be summarily dismissed.

Based upon the forgoing,

IT IS ORDERED that the motion to vacate, set aside, or correct sentence is denied.

IT IS HEREBY CERTIFIED that there does not exist probable cause of an appealable issue with respect to the Court's order denying petitioner's § 2255 motion.

No certificate of appealability will be granted. This in no way hampers the petitioner's ability to request issuance of the certificate by a circuit judge pursuant to Fed. R. App. P. 22.

DATED this 18th day of April, 2025.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge